1

2                                                    **E-Filed 12/18/2009**

3

4

5

6

7

8                 **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

12

13

14   NESTOR VALDEZ, an Individual, and ADELA       Case Number C 09-02778 JF (RS)
     VALDEZ, an Individual,

15                                                  ORDER GRANTING MOTIONS TO
                      Plaintiffs,                   DISMISS AND EXPUNGE *LIS*
16                                                  *PENDENS*
                 v.
17                                                  [re: docket no. 13]
     AMERICA'S WHOLESALE LENDER, a New
18   York Corporation; COUNTRYWIDE HOME
     LOANS, INC., a New York Corporation; and
19   DOES 1 through 10, inclusive,

20                    Defendants.

21

22                          **I. BACKGROUND**

23        This action arises out of a residential mortgage transaction between Plaintiffs Nestor and

24   Adela Valdez ("Plaintiffs") and Defendant Countrywide Home Loans, Inc., doing business as

25   America's Wholesale Lender ("Defendant"). The transaction closed on or about December 15,

26   2006.[1] First Amended Complaint ("FAC") ¶ 14. Plaintiffs allege that Defendant failed to

27   _____

28        [1] Defendant claims that the loan closed on December 19, 2006. *See* Defendant's Request
     for Judicial Notice ("D. RJN"), Ex. F (Notice of Right to Cancel allegedly signed and dated by

provide them with all required documents related to the mortgage transaction, including the following: HUD-1 settlement statement; escrow statements; adjustable rate rider(s); a handbook on adjustable rate mortgages; HUD Brochures; variable rate disclosures; private mortgage insurance disclosure; broker's arrangements; disbursal disclosures; Equal Credit Opportunity Act disclosure; privacy disclosure; Patriot Act disclosure; appraisal disclosure; consumer credit score disclosure; hazard insurance disclosure; California per diem interest disclosure; and loan origination agreement. *Id.* ¶ 29.

On March 12, 2009, Plaintiffs sent Defendant a demand letter seeking production of the original promissory note and certification that Defendant had the note in its possession. *Id.* ¶ 35. The FAC alleges that Defendant did not respond to this request. On December 13, 2008, Plaintiffs allegedly sent a notice of rescission to Defendant including an offer to tender, as well as a Real Estate Settlement Procedures Act Qualified Written Request ("QWR") and a Truth in Lending Act ("TILA") Request. *Id.* ¶¶ 37, 39, Exs. 8-10. Plaintiffs have attached the alleged notice of rescission and QWR to the FAC, and the Court properly may consider them on a motion to dismiss. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 899 (9th Cir. 2007) ("When ruling on a motion to dismiss, we may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.") (internal quotation marks omitted). The FAC alleges that Defendant did not respond to this communication. FAC ¶¶ 38, 40.

Plaintiffs filed their original complaint on June 23, 2009, asserting claims for relief under TILA, the Fair Debt Collection Practices Act ("FDCPA"), and California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq*., and to quiet title. They filed the operative FAC on October 1, 2009, alleging TILA violations, violations of RESPA, violations of the FDCPA, violations of the UCL, and seeking to quiet title as of December 16, 2008. Plaintiffs also recorded a *lis pendens* on the subject property. Defendant moves to dismiss the FAC for

Plaintiffs on December 19, 2006). The Court need not resolve this inconsistency as the difference of four days does not impact the disposition of the instant motions.

Case Number C 09-02778 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS AND EXPUNGE *LIS PENDENS*
(JFLC1)

1  failure to state a claim upon which relief may be granted and to expunge the *lis pendens*.

2  ## II. LEGAL STANDARD

3  ### A. Motion to Dismiss pursuant to Rule 12(b)(6)

4  Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a

5  cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v.*

6  *Centinela Hosp. Medical Center,* 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion

7  to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint

8  in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969).  At

9  the same time, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

10  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

11  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

12  cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal

13  citations omitted).  Thus, a court need not accept as true conclusory allegations, unreasonable

14  inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.

15  *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994).  "[W]here the well-

16  pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

17  complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Ashcroft v.*

18  *Iqbal,* — U.S. —, 129 S.Ct. 1949, 1590 (2009), quoting Fed. R. Civ. P. 8(a)(2).  In addition, a

19  "court may disregard allegations in the complaint if contradicted by facts established by exhibits

20  attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp.715, 720

21  (E.D. Cal. 1993), citing *Durning v. First Boston Corp*., 815 F.2d 1265, 1267 (9th Cir.1987))

22  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot

23  be cured by amendment.  *Lucas v. Department of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995).

24  When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v.*

25  *Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

26  ### B. Motion to Expunge *Lis Pendens*

27  A *lis pendens* is a "recorded document giving constructive notice that an action has been filed

28  affecting title or right to possession of the real property described in the notice." *Urez Corp. v.*

3

1   *Superior Court,* 190 Cal.App.3rd 1141, 1144 (1987).  The practical effect of a *lis pendens* is

2   to cloud the property's title and prevent its transfer until the litigation is resolved or the *lis*

3   *pendens* is expunged or released. *Malcom v. Superior Court,* 29 Cal.3d 518, 523-24 (1981).

4   "The court shall order that the notice be expunged if the court finds that the claimant has not

5   established by a preponderance of the evidence the probable validity of the real property claim."

6   Cal. Civ. Code  § 405.32.  "The court shall direct that the party prevailing on any motion

7   [regarding *lis pendens*] be awarded the reasonable attorney's fees and costs of making or

8   opposing the motion unless the court finds that the other party acted with substantial

9   justification or that other circumstances make the imposition of attorney's fees and costs unjust."

10   Cal. Civ. Code § 405.38.

11                                   **III. DISCUSSION**

12         **A.   Procedural Objection**

13         "Any opposition to a motion must be served and filed not less than 21 days before the

14   hearing date."  Civil Local Rule 7-3.  The hearing on both of the instant motions was properly

15   noticed for December 11, 2009.  Accordingly, any opposition papers should have been filed on or

16   before Friday, November 20.  Opposition to Defendant's motions was not filed until November

17   23.  In addition, because Plaintiffs' counsel misspelled the email address of Defendant's lead

18   counsel, John W. Amberg, Defendant did not receive the opposition papers until November 24,

19   only one day before Defendant's reply papers were due.  Declaration of John W. Amberg ¶ 2.

20   Plaintiffs have offered no reasonable excuse for this delay.  However, because it appears that

21   Defendant is entitled to prevail on the merits in any event, the Court has considered Plaintiffs'

22   opposition papers.  The Court cautions counsel that all future filings in this action must be

23   timely.

24         **B.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

25              **1. TILA Claims**

26         TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit."

27   15 U.S.C. § 1601(a).  The statute is designed "to protect consumers' choice through full

28   disclosure and to guard against the divergent and at times fraudulent practices stemming from

                                          4

uninformed use of credit." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986); *see also Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699, 705 (9th Cir. 1986) ("Congress designed [TILA] to apply to all consumers, who are inherently at a disadvantage in loan and credit transactions."). Because the statute is remedial in nature, it is to be applied broadly in favor of the consumer. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989); *see also Plascencia v. Lending 1st Mortgage,* No. C 07-4485 CW, 2008 WL 1902698, *3 (N.D. Cal. Apr. 28, 2008) ("TILA has been liberally construed in the Ninth Circuit.") (internal quotations and citation omitted). Thus, even "[t]echnical or minor violations" of TILA or its implementing regulations may impose liability on the creditor. *Semar,* 791 F.2d at 704 (noting also that "[t]o insure that the consumer is protected . . . [TILA and its implementing regulations must] be absolutely complied with and strictly enforced").

TILA focuses not only on the form of a disclosure but also on its accuracy. *See Rossman v. Fleet Bank (R.I.) Nat'l Ass'n,* 280 F.3d 384, 390-91 (3d Cir. 2002) ("[T]he issuer must not only disclose the required terms, it must do so accurately."). "The accuracy demanded excludes not only literal falsities, but also misleading statements." *Id.* (citation omitted). In that respect, the adequacy of TILA disclosures is to be assessed "from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor." *Smith v. Cash Store Mgmt.*, 195 F.3d 325, 327-28 (7th Cir. 1999) (citation omitted).

TILA is implemented by the Federal Reserve Board of Governors ("FRB") through regulations found in 12 C.F.R. § 226 ("Regulation Z") and through the FRB's Official Staff Commentary ("Commentary"). The Commentary is binding on all lenders, and compliance with it shields an issuer from civil liability pursuant to TILA's safe-harbor provision. See 15 § U.S.C. 1640(f); *see also* 12 C.F.R. § 226, Supp. I-1 ("Good faith compliance with this commentary affords protection from liability under 130(f) of the Truth in Lending Act").

### A. Plaintiffs' TILA Rescission Claim

Defendant contends that Plaintiffs' TILA rescission claim must be dismissed because the request for rescission was made outside the three-day statutory period and Plaintiffs' allegation of an offer to tender is insufficient. The right of a borrower to rescind the loan transaction expires

1 three business days after the date of the transaction. 15 U.S.C § 1635(a). Defendant contends

2 that because the loan transaction closed in December 2006, Plaintiffs' right to respond has

3 expired. Reply at 3, citing D. RJN, Ex. F. It is undisputed that the right to rescind may be

4 extended, "[i]f the required notice or material disclosures are not delivered." 12 C.F.R. §

5 226.23(a)(3). Plaintiffs contend that they are entitled to an extension because material

6 disclosures were not delivered to them. FAC ¶ 43-44 (stating in a conclusory fashion that

7 Plaintiffs have a continuing right to rescind the transaction until the third business day after

8 receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures).

9 However, legal conclusions without sufficient supporting factual allegations are insufficient to

10 state a claim. *Clegg,* 18 F.3d at 754-755.

11      While this allegation is the only basis for an extension found within Plaintiffs' rescission

12 claim under TILA, Plaintiffs do attempt to incorporate previous paragraphs within the FAC. The

13 FAC recites a list of seventeen[2] documents that Defendant failed to disclose. FAC ¶ 29 (listing

14 the following: HUD-1 settlement statement; escrow statements; adjustable rate rider(s); a

15 handbook on adjustable rate mortgages; HUD Brochures; variable rate disclosures; private

16 mortgage insurance disclosure; broker's arrangements; disbursal disclosures; Equal Credit

17 Opportunity Act disclosure; privacy disclosure; Patriot Act disclosure; appraisal disclosure;

18 consumer credit score disclosure; hazard insurance disclosure; California per diem interest

19 disclosure; and loan origination agreement). Defendant contends that, even considering the

20 allegations found in the general "Statement of Facts" section of the FAC, the pleadings are

21 insufficient because TILA does not require lenders to provide all of these documents to

22 borrowers and Plaintiffs do not allege that the listed documents are "material disclosures" under

23 TILA. This argument is persuasive, as TILA's disclosure requirements do not extend to many of

24 the documents included in Plaintiffs' list, *see* 15 U.S.C. § 1637(a)(1)-(8), and Plaintiffs fail to

25 allege the materiality of these disclosures. FAC ¶ 29.

26      While Plaintiffs' list of documents does not sufficiently plead an extension of the three-

27

28      [2] Plaintiffs' list of undisclosed documents actually numbers eighteen, but that is because Plaintiffs list "California Per Diem Interest Disclosure" twice. FAC ¶ 29(p)-(q).

6

1    day right to rescind, Plaintiffs also allege that they "would be misled and confused when to

2    exercise their right to cancel the mortgage contract" because they only received one copy of the

3    unsigned and undated Notice of Right to Cancel. Id. ¶¶ 30-31, Plaintiffs' Ex. 5. This allegation,

4    if proved true, would extend the three-day period. *Garcia v. Wachovia Mortg. Corp.*, No. 2:09-

5    cv-03925-FMC-FOMx, 2009 WL 3837621 (C.D. Cal. Oct. 14, 2009), citing *Semar v. Platte*

6    *Valley Federal Sav. & Loan* Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a); 12

7    C.F.R. § 226.23(b)(1)(v) (mandating a creditor to "deliver two copies of the notice of the right to

8    rescind to each consumer entitled to rescind...the notice shall clearly disclose...the date the

9    rescission period expires.")

10          Defendant argues, however, that Plaintiffs admitted that they had received all of the

11   required disclosures, together with the Notice of the Right to Cancel, when they signed their loan

12   documents. *See* D. RJN, Ex. F (copy of Plaintiffs' Notice of Right to Cancel indicating that "the

13   undersigned each acknowledge receipt of two copies of notice of right to cancel, and one copy of

14   the Federal Truth in Lending Disclosure Statement," allegedly signed and dated by Plaintiffs).

15   While Plaintiffs do not object to any of Defendant's requests for judicial notice or dispute the

16   authenticity of the signed and dated Notice of Right to Cancel, this specific document is not

17   referred to in the FAC, nor are its existence or contents proper for judicial notice pursuant to Fed.

18   R. Evid. 201(b). Moreover, even if the Court were to take judicial notice of the document, such

19   written acknowledgment "does no more than create a rebuttable presumption of delivery

20   thereof." 15 U.S.C. § 1635(c). While Defendant may and likely will raise this issue in a

21   subsequent dispositive motion, written acknowledgment of the disclosure does not require

22   dismissal of the claim.

23          Defendant also contends that Plaintiffs' TILA rescission claim fails because they do not

24   plead tender adequately. 12 C.F.R. 226.23(d)(3). Although the Ninth Circuit has not addressed

25   the issue directly, it has held that a court *may* require a borrower seeking rescission of a mortgage

26   transaction under TILA to demonstrate the ability to tender the loan proceeds. *Yamamoto v.*

27   *Bank of New York*, 329 F.3d 1167, 1168 (9th Cir. 2003) (holding that it is within a district court's

28   "discretion to condition rescission on tender by the borrower of the property he had received

7

from the lender") (internal quotation marks and citation omitted).

District courts within the circuit are split. A number of them have extended *Yamamoto* to hold that a claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds. *See, e.g.*, *Del Valle v. Mortg. Bank of California*, No. CV-F-09-1316 OWW/DLB, 2009 WL 3786061, at *8 (E.D. Cal. Nov. 10, 2009); *Garcia v. Wachovia Mortg. Corp.*, No. 2:09-cv-03925-FMC-FMOx, 2009 WL 3837621, at *3 (C.D. Cal. Oct. 14, 2009); *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488 *1 (W.D. Wash., May 22, 2009); *Garza v. American Home Mortg.*, No. CV F 08-1477 LJO GSA, 2009 WL 188604, at *5 (E.D. Cal. Jan. 27, 2009) (granting motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received"). However, other courts have held that failure to allege ability to tender is not fatal to a TILA rescission claim. *See, e.g., Singh v. Washington Mut. Bank*, No. C-09-2771 MMC, 2009 WL 2588885, at *4 (N.D. Cal. Aug. 19, 2009) ("Notably, *Yamamoto* does not hold that a *claim* for rescission cannot survive a motion to dismiss until the right to rescind is adjudicated in the plaintiff's favor."); *ING Bank v. Ahn*, No. C 09-995 THE, 2009 WL 2083965, at *2 (N.D. Cal. July 13, 2009) (noting that "*Yamamoto* did not hold that a district court must, as a matter of law, dismiss a case if the ability to tender is not pleaded. Rather, all of these cases indicate that it is within the trial court's discretion to choose to dismiss where the court concludes that the party seeking rescission is incapable of performance."); *Pelayo v. Home Capital Funding*, No. 08-CV-2030 IEG (POR), 2009 WL 1459419, at *7 (S.D. Cal. May 22, 2009) (rejecting argument that, under *Yamamoto*, claim for rescission was subject to dismissal where plaintiff "failed to offer tender in the complaint of the funds she borrowed"); *Harrington v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB), 2009 WL 514254, at *3 (S.D. Cal. Mar. 2, 2009) (holding "[t]ender by the borrower is not always a precondition to rescission and does not have to be pled to state a claim for rescission"); *Burrows v. Orchid Island TRS, LLC*, No. 07CV1567-BEN (WMC), 2008 WL 744735, at *6 (C.D. Cal. Mar.18, 2008) (rejecting, on motion to dismiss, defendant's argument that "there [was] no evidence" that plaintiff could return loan proceeds).

8

1    This Court finds the second line of cases more persuasive in that they appear to be more

2  consistent with the liberal pleading standard of Fed. R. Civ. P. 8.  However, the Court agrees

3  with the reasoning of the first line of cases that "it was not the intent of Congress to reduce the

4  mortgage company to an unsecured creditor," *Del Valle*, 2009 WL at *8, and that "[r]escission is

5  an empty remedy without [plaintiff]'s ability to pay back what she has received," *Garza*, 2009

6  WL at *5.  Accordingly, the Court will exercise the discretion conferred upon it by *Yamamoto* to

7  require that Plaintiffs allege either the present ability to tender the loan proceeds or the

8  expectation that they will be able to tender within a reasonable time.[3]  At the end of the day,

9  Plaintiffs "will not be entitled to rescission" unless they can tender the principal balance of the

10  loan.  *See Clemens v. J.P. Morgan Chase Nat. Corporate Services, Inc.,* No. 09-3365 EMC, 2009

11  WL 4507742.  It makes little sense to let the instant rescission claim proceed absent some

12  indication that the claim will not simply be dismissed at the summary judgment stage after

13  needless depletion of the parties' and the Court's resources.[4]

14                            **B. Plaintiffs' TILA Damages Claim**

15    Plaintiffs seek money damages for which the applicable limitations period is one year.

16  *See* 15 U.S.C. § 1640(e).  The FAC alleges that the loan transaction at issue in this action closed

17  on December 15, 2006.  FAC ¶ 14.  Plaintiffs did not file their original complaint until June 23,

18  2009, two and half years after the loan transaction was consummated.  It is undisputed that the

19  one-year time limit of § 1640(e) has expired.  Plaintiffs claim, however, that "the doctrine of

20  equitable tolling may suspend the limitations period 'until the borrower discovers or had

---

22 [3] For example, a TILA plaintiff might be able to allege that while she lacks the liquidity
23 to tender the loan proceeds at the time she files the rescission claim, she has sufficient equity in
the home and a willingness to sell that would render it likely that she could tender the loan
24 proceeds if given a reasonable period of time.

25 [4] Plaintiffs allege that they offered tender to Defendant within their request for rescission
of the contract on December 13, 2008.  FAC ¶ 46; P. RJN, Ex.8 (letter from Plaintiffs' counsel to
26 Defendant stating that Plaintiffs "would like to discuss tender arrangements for the amount due"
and that Plaintiffs "are prepared to discuss a tender obligation.")  However, Plaintiffs do not
27 allege that they are able to tender presently or "cite [any] authority that their tender can be 'on
reasonable terms over a period of time." *Del Valle*, 2009 WL 3786061, at *8, citing *American
28 Mortg. Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).

1  reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA

2  action.'" Opp. Mot. at 7-8, citing *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

3  The Ninth Circuit has held that equitable tolling of the TILA limitations period is authorized in

4  appropriate circumstances. *King,* 784 F.2d at 914-15. Such circumstances exist where "a

5  reasonable plaintiff would not have known of the existence of a possible claim within the

6  limitations period." *Santa Maria v. Pac Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). In such a

7  case, the limitations period may be extended "until the borrower discovers or had reasonable

8  opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."

9  *King*, 784 F.2d at 915. A motion to dismiss on statute of limitations grounds should be granted

10 "only if the assertions of the complaint, read with the required liberality, would not permit the

11 plaintiff to prove that the statute was tolled." *Plascencia v. Lending 1st*, 583 F.Supp.2d 1090,

12 1097 (N.D. Cal. 2008), quoting *Durning v. First Boston Corp.,* 815 F.2d 1265, 1278 (9th Cir.

13 1987).

14      The FAC fails to satisfy even this liberal standard. Plaintiffs' sole assertion regarding

15 when they actually discovered Defendants' alleged fraud or non-disclosures is that "all these

16 violations came only to the attention to the Plaintiff after she came to consult with her counsel."

17 FAC ¶ 66. This allegation fails to plead equitable tolling for two reasons. First, Plaintiffs fail to

18 allege when they "came to consult with [their] counsel." *Id.* The Court thus cannot determine if

19 Plaintiffs filed their original complaint within one year of their discovery of their claim. Second,

20 as the court concluded with respect to a nearly identical allegation in *Garcia v. Wachovia Mortg.*

21 *Corp.*, No. 2:09-cv-03925-FMC-FOMx, 2009 WL 3837621 (C.D. Cal. Oct. 14, 2009):

22          the entirety of Plaintiff's explicit allegations in the FAC in support of an equitable
           tolling argument are that "a[ll] these [TILA disclosure] violations came only to
23          the attention of the Plaintiff after she came to consult with her counsel and who
           subsequently sent demand letter containing rescission notice and offer to tender to
24          Defendant Wachovia which failed to respond"...That is not enough. Under
           *Hubbard*, "nothing prevented [plaintiff] from comparing the loan contract, [the
25          lender's] initial disclosures, and TILA's statutory and regulatory requirements."
           *Hubbard [v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996)]. To be sure,
26          there are numerous allegations of serious TILA disclosure violations...However,
           the mere allegation of TILA disclosure violations does itself not toll the
27          statute...For these reasons, the FAC has not stated facts plausibly indicating any
           basis for tolling the statute of limitations.

28

                                        10

1   *Id.* at *7-8.  If the Court were to accept the FAC's allegations of ignorance of the law until

2   informed by counsel as sufficient for a pleading of equitable tolling, every plaintiff could assert

3   the same allegation, and TILA's statute of limitations provision would have no real meaning.

4                                    **2. RESPA Claim**

5          In Count Three of the FAC, Plaintiffs allege that Defendant's RESPA violations involved

6   "splitting fees for referral, kickbacks, illegal fees, unearned and duplication fees" and failure to

7   respond to their QWR.  Defendant contends that Plaintiffs' RESPA claim should be dismissed

8   because it is time-barred, simply recites legal conclusions threadbare of supporting facts, and

9   rests on false allegations.

10         Plaintiffs' allegation that Defendant's "RESPA violations involved splitting fees for

11  referral, kickbacks, illegal fees, unearned and duplication fees" is insufficient standing alone to

12  plead a RESPA violation pursuant to 12 U.S.C. § 2607(a).  Plaintiffs do not allege a single fact in

13  support of this legal conclusion.  In their opposition papers, Plaintiffs claim that they were forced

14  to pay fees that were "unearned, duplicative, unreasonable and unconnected to any actual

15  services performed and without the Defendants providing them with proper opportunity to

16  evaluate the costs and implications thereof in violation of RESPA." Opp. Mot.  at 8-9

17  (identifying specific payments including, but not limited to a "broker processing fee to Casa Real

18  Estate & Mortgage of $518.00; broker administration fee to Casa Real Estate & Mortgage of

19  $400.00; broker application fee to Casa Real Estate & Mortgage of $500.00; broker discount fee

20  to Casa Real Estate & Mortgage of $5,960.00.")  However, these allegations appear nowhere in

21  Count Three. "While legal conclusions can provide the complaint's framework, they must be

22  supported by factual allegations." *Iqbal,* 129 S.Ct. 1937, 1940 (2009).  Moreover, the FAC fails

23  to allege a claim pursuant to 12 U.S.C. § 2607(a) because Plaintiffs filed their original complaint

24  two and a half years after closing and "do not plead any facts concerning equitable tolling that are

25  specific to this claim." *Abdollahi v. Washington Mut. FA*, No. C09-00743 HRL, 2009 WL

26  3878437, at *3 (N.D. Cal. Nov. 17, 2009), citing 12 U.S.C. § 2614.

27         Plaintiffs also allege that Defendant violated RESPA by failing to respond to their QWR.

28  FAC ¶ 72.  However, Plaintiffs' sole factual allegation with respect to this claim is the following:

                                          11

1

> Damages may be also awarded to the borrower for failure to respond to the
> RESPA QWR (12 U.S.C. § 2605).  In this case, QWR was sent by the Plaintiffs to
> the Defendant Countrywide but it failed to respond.  The failure to respond to the
> QWR sets forth 'enough fact to raise a reasonable expectation that discovery will
> reveal evidence' of a pattern or practice of non compliance with the requirements
> of Sec 2605 (See *Bell Atlantic Corporation v. Twombly 550* U.S. 555) which
> would entitle Plaintiff's claim for statutory damages under RESPA.

2

3

4

5  FAC ¶ 72.  This allegation, on its own, does not state a violation of 12 U.S.C. § 2605(e).

6  Plaintiffs do not allege when they sent the QWR, or its contents, or the method by which it was

7  sent.[5]

8        Defendant contends that Plaintiffs' allegation that it did not respond to the QWR is false.

9  Reply at 5-6, citing D. RJN Exs. G, H & I (letters dated January 13, 2009, February 6, 2009, and

10  March 10, 2009 responding to a letter dated December 12, 2008 and facsimile dated January 19,

11  2009).  While Plaintiffs do not object to Defendant's request for judicial notice, the letters are not

12  properly incorporated by reference, as their contents are not alleged in the complaint, *See contra*

13  *In re Stac Elcs. Sec. Litig.,* 89 F. 3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies

14  of documents whose contents are alleged in the complaint may be considered in connection with

15  a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)); nor are they proper for judicial notice

16  pursuant to Fed. R. Evid. 201(b).  *Compare* D. RJN Exs. G, H & I (Defendant's purported

17  responses to Plaintiffs' QWR with no evidence that the letters were sent by certified mail or any

18  other proof of delivery), *with* Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not

19  subject to reasonable dispute in that it is either (1) generally known within the territorial

20  jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

21  sources whose accuracy cannot reasonably be questioned.")

22                **3. Fair Debt Collection Practices Act Claim**

23        "To be held liable for violation of the FDCPA, a defendant must-as a threshold

24  requirement-fall within the Act's definition of 'debt collector.'" *Izenberg v. ETS Services, LLC*,

25  589 F.Supp.2d 1193, 1198 (C.D. Cal. 2008); citing *Heintz v. Jenkins,* 514 U.S. 291, 294, 115

26  S.Ct. 1489, 131 L.Ed.2d 395 (1995); *see also, e.g., Romine v. Diversified Collection Servs.,* 155

27

28

---

[5]  These pleading failures conceivably can be cured by amendment.

Case Number C 09-02778 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS AND EXPUNGE *LIS PENDENS*
(JFLC1)

F.3d 1142, 1146 (9th Cir.1998).  Defendant contends that the FDCPA claim must be dismissed because it is not a "debt collector."  MTD at 8, citing *Tina v. Countrywide Home Loans, Inc.*, No. 08 CV 1233 JM (NLS), 2008 WL 4790906, at *7, n. 2 (S.D. Cal. Oct. 30, 2008) (holding that "FDCPA defines 'debt collector' as one who collects consumer debts owed to another.  15 U.S.C. § 1692(a)(6)(A).  Countrywide's conduct was directed to colleting its own debts") and *Ines v. Countrywide Home Loans, Inc.,* No. 08cvl267 WQH (NLS),  2008 WL 2795875 (S.D. Cal. Jul. 18, 2008) ("lenders and mortgage companies are not 'debt collectors' within the meaning of the FDCPA...Mortgage companies collecting debts are not 'debt collectors.'") (internal citations omitted.)

Plaintiffs claim that Defendant is liable under the FDCPA pursuant to the "exception found in 15 U.S.C. § 1692(a)(6)(F)(iii)[6]."  FAC ¶ 77 (alleging that Defendant is a debt collector under the FDCPA because "it concerns collection of debt of the Plaintiff already in default.") This purported exception states that "the term [debt collector] does not include – any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).  However, this "exception" does nothing more than explain that persons who collect debts of *another* that are not in default are not debt collectors within the meaning of the statute.  It has no bearing on the efforts of Defendant to collect its *own* debt regardless of whether the debt is in default.  *Garcia,* 2009 WL 3837621, at *10-11.  Because Plaintiffs cannot cure the defect by amending their pleading, this claim will be dismissed without leave to amend.  *Dumas*, 90 F.3d at 393.

### 4. UCL claim

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Civ. Code § 17200.  Accordingly, "[a]n act can be alleged to violate any or all of the three prongs of the UCL-unlawful, unfair, or

---

[6]  The Court notes that 15 U.S.C. § 1692(a)(6)(F)(iii) does not exist.  The Court assumes that Plaintiffs intended to plead an exception pursuant to 15 U.S.C. §1692a(6)(F)(iii) and will proceed with its analysis accordingly.

13

fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal.App.4th 1544, 1554 (2007).  For an action based upon an allegedly unlawful business practice, the UCL "'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999) (internal citations omitted); *see also Farmers Ins. Exchange v. Superior Court,* 2 Cal. 4th 377, 383 (1992).  However, such allegations "must state with reasonable particularity the facts supporting the statutory elements of the [alleged] violation." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316 (N.D. Cal. 1997), quoting *Khoury v. Maly's of Cal., Inc.,* 14 Cal.App.4th 612, 619 (1993).  Plaintiffs allege that Defendant's acts and practices violate the UCL "unlawful" prong because they violate TILA, Regulation Z, and the FDCPA.  Given the Court's conclusion that Plaintiffs' TILA, Regulation Z, and FDCPA claims cannot survive the instant motion to dismiss, *see supra* III.B.1-3, their UCL claim premised upon a violation of these laws necessarily fails as well.[7]

### 5. Quiet Title

"The purpose of a quiet title action is to establish one's title against adverse claims to real property. A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust.'" *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642 WBS DAD, 2009 WL

---

[7]  The FAC also asserts allegations of unlawful business practices pursuant to California Civil Code Section 1918.5-1921.1920, FAC ¶ 88 (for failing to "notify Plaintiffs of any changes in the interest rate and monthly payment of loan) and California Civil Code Section 1916.710(c), FAC ¶ 89 (for failing to provide Plaintiffs with the "adjustable rate mortgage disclosure notice"), as well as violations of the UCL pursuant to the unfair and fraudulent prongs. *Id.* ¶ 97 (stating in conclusory fashion that Defendant's "business acts and practices...constitute 'unfair' business practices under the UCL in that said acts and practices offend *public policy* and are substantially injurious to Plaintiff and all consumers"); *Id.* ¶ 105 (asserting only that Defendant's business acts and practices "constitute 'fraudulent' business practices under UCL in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, falsifying documents, failure to deliver *material* documents, and concealment may preclude consumer from exercising legal rights to which they are entitled.") Should Plaintiffs choose to amend their UCL claim, they must plead specifically which acts of Defendant are the source of these alleged violations.

Case Number C 09-02778 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS AND EXPUNGE *LIS PENDENS*
(JFLC1)

3756337, at *4 (E.D. Cal. Nov. 6, 2009), quoting *Kelley v. Mortgage Elec. Reg. Sys., Inc.,* 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).  "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Watson v. MTC Financial, Inc.,* No. 2:09-CV-01012 JAM-KJM, 2009 WL 2151782, at *4 (E.D. Cal. Jul. 17, 2009), quoting *Shimpones v. Stickney,* 219 Cal. 637, 649, 28 P.2d 673 (1934).  As discussed above, *see supra* III.B.1A, Plaintiffs have not paid the debt secured by the mortgage, nor have they shown an ability to tender.

### D. Motion to Expunge the *Lis Pendens*

In light of the foregoing, Defendant's motion to expunge the *lis pendens* will be granted. Defendant does not seek an award of attorneys' fees, but in light of the totality of the circumstances and Plaintiffs' apparent financial hardship, the Court would decline to award attorneys' fees to Defendant in any event.

### IV.  ORDER

Good cause therefor appearing, the motion to dismiss pursuant to Rule 12(b)(6) is GRANTED, with leave to amend only with respect to Plaintiffs' claims for violation of TILA, RESPA, and the UCL and to quiet title.  The motion to expunge the *lis pendens* is GRANTED. Any amended complaint shall be filed within thirty (30) days of the date of this order.

IT IS SO ORDERED.

DATED: December 18, 2009

_____
JEREMY FOGEL
United States District Judge

Case Number C 09-02778 JF (RS)
ORDER GRANTING MOTIONS TO DISMISS AND EXPUNGE *LIS PENDENS*
(JFLC1)